

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700   (973) 645-2700
Newark, NJ 07102

December 18, 2020

RECEIVED

MARCH 8, 2021

At: 8:30_____.m

WILLIAM T. WALSH

CLERK

Dennis C. Carletta, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009

Re: <u>Plea Agreement with Raymond Catania</u>
    Criminal No. 21-197-01 (MAS)

Dear Mr. Carletta:

This letter sets forth the plea agreement between your client, Raymond Catania, and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on January 7, 2021, if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Raymond Catania to an Information that charges him with knowingly and intentionally distributing oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

If Raymond Catania enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Raymond Catania for the unlawful distribution of oxycodone to individuals R.L. and M.L., provided that Raymond Catania's unlawful distribution of oxycodone to R.L. and M.L. from January 2016 through March 2017 is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. §§ 1B1.2(c) and 1B1.3(a). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Raymond Catania agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by

Raymond Catania may be commenced against him, notwithstanding the expiration of the limitations period after Raymond Catania signs the agreement.

Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) to which Raymond Catania agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to Raymond Catania. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Raymond Catania is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Raymond Catania ultimately will receive.

Further, in addition to imposing any other penalty on Raymond Catania, the sentencing judge (1) will order Raymond Catania to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Raymond Catania to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) must order forfeiture, pursuant to 21 U.S.C. § 853; and (4) may deny Raymond Catania certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a.

Pursuant to 21 U.S.C. § 841, the sentencing judge must require Raymond Catania to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Raymond Catania be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Raymond Catania may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

    Raymond Catania agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853, Raymond Catania agrees to forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

    Raymond Catania further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. Raymond Catania shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

    Raymond Catania waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Raymond Catania consents to the entry of a Consent Judgment of Forfeiture that will be final as to Raymond Catania's sentencing. Raymond Catania understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Raymond Catania's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Raymond Catania hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rights of this Office Regarding Sentencing

    Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Raymond Catania by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and

information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Raymond Catania's activities and relevant conduct with respect to this case.

Stipulations

This Office and Raymond Catania agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Raymond Catania from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Raymond Catania waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Raymond Catania understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Raymond Catania. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Raymond Catania.

No provision of this agreement shall preclude Raymond Catania from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Raymond Catania received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Raymond Catania and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: *[signature]*

Leslie F. Schwartz
Osmar J. Benvenuto
Assistant U.S. Attorneys

APPROVED:

*[signature]*

Lee M. Cortes, Jr.
Chief, Health Care Fraud Unit

I have received this letter from my attorney, Dennis C. Carletta, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 1/14/2021
Raymond Catania

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____     Date: 1-14-2021
Dennis C. Carletta, Esq.

7

Plea Agreement With Raymond Catania

Schedule A

      1.      This Office and Raymond Catania recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Raymond Catania nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Raymond Catania within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Raymond Catania further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

      2.      The version of the United States Sentencing Guidelines, effective November 1, 2018, applies in this case.

      3.      The applicable guideline for this offense is U.S.S.G. § 2D1.1, which provides that the applicable base offense level is the offense level specified in the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c).

      4.      Raymond Catania unlawfully distributed to R.L. and M.L. approximately 8,620 oxycodone 30 milligram pills, or a total of 258 grams of oxycodone, from January 2016 through March 2017, all of which is relevant conduct within the meaning of U.S.S.G. §§ 1B1.2(c) and 1B1.3(a). Under U.S.S.G. § 2D1.1, one gram of oxycodone equals 6,700 grams of Converted Drug Weight. Based on this conversion rate, the 258 grams of oxycodone equals 1,728 kilograms of Converted Drug Weight. Therefore, the base offense level is 30 because the Converted Drug Weight is at least 1,000 kilograms, but less than 3,000 kilograms. U.S.S.G. § 2D1.1(c)(4).

      5.      Because the defendant was a medical doctor, he abused a position of public trust and a special skill in a manner that significantly facilitated the commission of the offense, there is an increase of 2 levels. U.S.S.G. § 3B1.3.

      6.      The Total Base Offense Level is 32.

Acceptance of Responsibility

      7.      As of the date of this letter, Raymond Catania has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Raymond Catania's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.    As of the date of this letter, Raymond Catania has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Raymond Catania's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Raymond Catania enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Raymond Catania's acceptance of responsibility has continued through the date of sentencing and Raymond Catania therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Raymond Catania's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Raymond Catania is 29 (the "agreed total Guidelines offense level").

10.    Pursuant to 18 U.S.C. § 3553(a), Raymond Catania reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

11.    Raymond Catania knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.