**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAYMOND CATANIA. | Criminal Action No. 21-197 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Raymond Catania's ("Defendant") Motion for Reconsideration (the "Motion") (Def.'s Mot. for Recons., ECF No. 27) of this Court's April 2026 Text Order denying Defendant's Motion for Early Termination of Supervised Release (Apr. 2026 Text Order, ECF No. 26). The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated below, the Court denies Defendant's Motion.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, such motions "may be filed pursuant to Local Civil Rules 1.1(a) and 7.1(i)." *United States v. Patel*, No. 22-35, 2024 WL 3937479, at *3 (D.N.J. Aug. 26, 2024). A party may raise a motion for reconsideration in three limited circumstances: (1) where an intervening change in controlling law has taken place; (2) where a party learns of new evidence that was unavailable before the court issued its opinion; or (3) where the court itself overlooked material facts or arguments that the parties had properly brought to its attention. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Motions for reconsideration are used sparingly to "correct manifest errors of law or fact or to present newly discovered evidence[,]" not

to relitigate stale matters or raise new arguments. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A motion for reconsideration is reviewed for an abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "[A]n abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004) (alteration in original) (citations omitted).

Defendant argues that the Court applied the incorrect legal standard under 18 U.S.C. § 3583(e)(1) when it denied his Motion for Early Termination of Supervised Release. (*See generally* Def.'s Mot. for Recons.) Specifically, Defendant contends that the Court determined that Defendant "failed to show that early termination was justified by 'changed circumstances,'" and incorrectly noted that early termination of supervised release "generally is proper only when 'new or unforeseen circumstances' warrant it." (*Id.* at *1.)[1] Defendant's argument, however, misreads this Court's Text Order and findings which explicitly stated that "Defendant has not shown that early termination of his supervised release is justified by any changed circumstances, warranted by his conduct, or 'in the interest of justice.'" (Apr. 2026 Text Order (citing 18 U.S.C. § 3583(e)(1)).) The Court's Text Order did not provide that Defendant *had to* show changed circumstance for supervised release to be warranted, but determined that Defendant had not shown that early termination of his supervised release was justified by any changed circumstances, ***or*** was warranted by his conduct, ***or*** was in the interest of justice.

[1] Page numbers preceded by an asterisk reflect the number atop the ECF header.

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court "is satisfied that such action is *warranted by the conduct of the defendant* released and *the interest of justice*[.]" 18 U.S.C. § 3583(e)(1) (emphases added). When reviewing the Section 3553(a) factors, the Court *need not* make specific findings for each factor. *United States v. Melvin*, 978 F.3d 49, 52-53 (2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit in *Melvin* held that Section 3583(e)(1) does not require a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it will a sentencing judge grant a motion for early termination of supervised release under Section 3583(e)(1). *Id.* The Third Circuit further held "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, . . . we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release . . . ." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

Here, the Court considered the Section 3553(a) factors and found that early termination of Defendant's supervised release was not in the interest of justice. *See Melvin*, 978 F.3d at 52 ("After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))). The Court explained that "mere compliance with the conditions of supervised release is . . . insufficient to support early termination." (Apr. 2026 Text Order (quoting *United*

*States v. Vasiliades*, No. 96-217, 2022 WL 3701963, at *3 (E.D. Pa. Aug. 25, 2022))). Further, contrary to Defendant's arguments, the Court correctly applied the holding of *Melvin*, which "disavow[ed] any suggestion that new or unforeseen circumstances must be shown" for a Court to find that supervised release is warranted, but noted that "*generally*, early termination of supervised release . . . will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Melvin*, 978 F.3d at 53 (citation modified) (emphasis in original).[2]

The Court therefore finds that Defendant's Motion fails because there has been no: (1) intervening change in controlling law; (2) new evidence that was unavailable before the court issued the April 2026 Text Order; or (3) material facts or arguments that the Court overlooked. *See N. River Ins. Co.*, 52 F.3d at 1218. Accordingly,

**IT IS**, on this 31st day of August 2026, **ORDERED** as follows:

1. Defendant's Motion for Reconsideration (ECF No. 27) is **DENIED.**

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[2] To be sure, the Court has considered, in full, the 3553(a) factors, including, among other things, the nature and circumstances of the offense and Defendant's history and characteristics, and finds that early termination of Defendant's supervised release is not justified by any changed circumstances, *or* warranted by his conduct, *or* "in the interest of justice." 18 U.S.C. § 3583(e)(1). Regarding the nature and circumstances of the offense and Defendant's history and characteristics, Defendant pleaded guilty to the intentional distribution of oxycodone outside the usual course of professional practice and not for a legitimate medical purpose. (*See* Information, ECF No. 1; Min. Entry for Plea Agreement Hr'g, ECF No. 3, Plea Agreement, ECF No. 6.) The Court therefore finds Defendant's arguments regarding his medical licenses (Def.'s Mot. for Recons. *4-5), unpersuasive.